UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| JAMARCUS ANTWONE CROWLEY, | |
| Plaintiff, | |
| v. | CAUSE NO. 1:23-CV-59-HAB-SLC |
| GALPERIN, et al., | |
| Defendants. | |

OPINION AND ORDER

Jamarcus Antwone Crowley, a prisoner without a lawyer, filed a complaint under 42 U.S.C. § 1983. (ECF 1.) As required by 28 U.S.C. § 1915A, the court must screen the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because Mr. Crowley is proceeding without counsel, the court must give his allegations liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Mr. Crowley is in custody at the Allen County Jail awaiting trial. He arrived at the jail on January 3, 2023. He claims that prior to being incarcerated, he was diagnosed with colon and prostate cancer and was receiving treatment, including chemotherapy

and radiation. He claims that he alerted the nursing staff to his medical condition as soon as he arrived, but they told him he needed to wait to see the doctor. He claims he had to wait three weeks to see Dr. Galperin (first name unknown), who allegedly told him "there was nothing wrong" even though he has rectal bleeding and was previously diagnosed with cancer. He claims the doctor has not given him any treatment for cancer, and has only given him Tylenol for pain, which is not sufficient. Based on these events, he seeks monetary damages and needed medical treatment.

Because Mr. Crowley is a pretrial detainee, his rights arise under the Fourteenth Amendment. *Miranda v. Cty. of Lake*, 900 F.3d 335, 352 (7th Cir. 2018). Detainees are entitled to adequate medical care. *Id.* at 353-54. To establish a Fourteenth Amendment violation, a detainee must allege: "(1) there was an objectively serious medical need; (2) the defendant committed a volitional act concerning the [plaintiff's] medical need; (3) that act was objectively unreasonable under the circumstances in terms of responding to the [plaintiff's]s medical need; and (4) the defendant act[ed] purposefully, knowingly, or perhaps even recklessly with respect to the risk of harm." *Gonzalez v. McHenry Cnty., Illinois*, 40 F.4th 824, 828 (7th Cir. 2022) (citation and internal quotation marks omitted). In determining whether a challenged action is objectively unreasonable, the court must consider the "totality of facts and circumstances." *Mays v. Dart*, 974 F.3d 810, 819 (7th Cir. 2020). It is not enough for the plaintiff to allege "negligence or gross negligence." *Miranda*, 900 F.3d at 353-54.

Giving Mr. Crowley the inferences to which he is entitled at this stage, he has alleged a serious medical need, namely, cancer. He further claims Dr. Galperin

2

examined him and told him there was nothing wrong with him, even though he has rectal bleeding and has been diagnosed with cancer, for which he was receiving chemotherapy and radiation prior to his incarceration. He claims the doctor has given him nothing other than Tylenol to address his pain, which is not sufficient. He has alleged enough to proceed on a claim for damages against Dr. Galperin under the Fourteenth Amendment.

He also sues Sheriff Troy Hershberger,[1] but there is no plausible basis to infer that the Sheriff was personally involved in these events. Instead, Mr. Crowley appears to be trying to hold him liable as the official overseeing operations at the jail. That is not a viable basis for imposing liability under 42 U.S.C. § 1983. *Mitchell v. Kallas*, 895 F.3d 492, 498 (7th Cir. 2018); *Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009).

He mentions having filed a grievance about his medical care but does not clearly identify whom he sent the grievance to. Even if the court were to presume that he sent a grievance to the Sheriff raising concerns about his health care, this alone would not form the basis for liability under 42 U.S.C. § 1983. As the Seventh Circuit has explained:

> Public officials do not have a free-floating obligation to put things to rights . . . Bureaucracies divide tasks; no prisoner is entitled to insist that one employee do another's job. The division of labor is important not only to bureaucratic organization but also to efficient performance of tasks; people who stay within their roles can get more work done, more effectively, and cannot be hit with damages under §1983 for not being ombudsmen. [The plaintiff's] view that everyone who knows about a prisoner's problem must pay damages implies that [a prisoner] could write letters to the Governor of Wisconsin and 999 other public officials,

---

[1] He also names "Sheriff Glaudiaus," but it can be inferred that he is referring to David Gladieux, who is no longer the Sheriff in Allen County. *See* https://www.allencountysheriff.org. There is nothing to indicate this individual was involved in any way in these events, and he will be dismissed as a defendant.

> demand that every one of those 1,000 officials drop everything he or she is doing in order to investigate a single prisoner's claims, and then collect damages from all 1,000 recipients if the letter-writing campaign does not lead to better medical care. That can't be right.

*Burks*, 555 F.3d at 595.

There are no allegations in the complaint from which the court can plausibly infer that the Sheriff was personally involved in deciding what medical care Mr. Crowley should be given. The mere fact that Mr. Crowley may have written to the Sheriff to complain about his care does not mean the Warden can be held liable for damages. *Id.* It is evident from Mr. Crowley's allegations that he was seen and evaluated by medical staff, and although he disagrees with Dr. Galperin's medical decisions, the Sheriff was permitted to defer to medical staff about what care was needed. *See Miranda*, 900 F.3d at 343; *Burks*, 555 F.3d at 595. Mr. Crowley will not be permitted to proceed against the Sheriff. Likewise, he names the Allen County Jail as a defendant, but this is a building, not a "person" or policy-making body that can be sued for constitutional violations under 42 U.S.C. § 1983. *Smith v. Knox County Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012). The jail will also be dismissed as a defendant.

He also sues Quality Care, the private company that provides medical care at the jail. There is no general *respondeat superior* liability under 42 U.S.C. § 1983, and this company cannot be held liable for a constitutional violation solely because it employs medical staff at the jail. *J.K.J. v. Polk Cty.*, 960 F.3d 367, 377 (7th Cir. 2020). A private company performing a public function can be sued for constitutional violations under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978), but it "cannot be

4

held liable for the unconstitutional acts of their employees unless those acts were carried out pursuant to an official custom or policy." *Grieveson v. Anderson*, 538 F.3d 763, 771 (7th Cir. 2008) (citations omitted). The purpose of this requirement is to "distinguish between the isolated wrongdoing of one or a few rogue employees and other, more widespread practices." *Howell v. Wexford Health Sources, Inc.*, 987 F.3d 647, 654 (7th Cir. 2021). A plaintiff pursuing an official custom theory "must allege facts that permit the reasonable inference that the practice is so widespread so as to constitute a governmental custom." *Gill v. City of Milwaukee*, 850 F.3d 335, 344 (7th Cir. 2017).

Mr. Crowley does not allege that Quality Care has an unconstitutional policy that caused him injury. Nor does he allege facts permitting a reasonable inference that Quality Care has an official custom that violates the Constitution, as he does not describe any incidents of alleged mistreatment besides his own. Isolated incidents of wrongdoing cannot support a *Monell* claim. *Howell*, 987 F.3d at 654. This corporate defendant will be dismissed.

The complaint can also be read to allege that Mr. Crowley has an ongoing need for medical treatment for his cancer. The Allen County Jail Warden is an appropriate party in connection with this claim. *See Daniel v. Cook Cty.*, 833 F.3d 728, 737 (7th Cir. 2016); *Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011). Mr. Crowley will be permitted to proceed on a claim against the Warden in his official capacity for injunctive relief related to his ongoing need for treatment required by the Fourteenth Amendment.

5

His complaint can also be read to seek preliminary injunctive relief requiring that he be immediately taken to an outside hospital for evaluation and treatment. "[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

On the first prong, "the applicant need not show that [he] definitely will win the case." *Illinois Republican Party v. Pritzker*, 973 F.3d 760, 763 (7th Cir. 2020). However, "a mere possibility of success is not enough." *Id.* at 762. "A strong showing . . . normally includes a demonstration of how the applicant proposes to prove the key elements of its case." *Id.* at 763 (quotation marks omitted). In assessing the merits, the court does not simply "accept [the plaintiff's] allegations as true, nor do[es] [it] give him the benefit of all reasonable inferences in his favor, as would be the case in evaluating a motion to dismiss on the pleadings." *Doe v. Univ. of S. Indiana*, 43 F.4th 784, 791 (7th Cir. 2022). Instead, the court must make an assessment of the merits as "they are likely to be decided after more complete discovery and litigation." *Id.*

On the second prong, "[i]ssuing a preliminary injunction based only on a possibility of irreparable harm is inconsistent with . . . injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff

6

is entitled to such relief." *Winter*, 555 U.S. at 22. "Mandatory preliminary injunctions" requiring the defendant to take affirmative acts are viewed with particular caution and are "sparingly issued[.]" *Mays v. Dart*, 974 F.3d 810, 818 (7th Cir. 2020) (quotation marks omitted). Additionally, in the prison context, the court's ability to grant injunctive relief is significantly circumscribed; any remedial injunctive relief "must be narrowly drawn, extend no further than necessary to remedy the constitutional violation, and use the least intrusive means to correct the violation of the federal right." *Westefer v. Neal*, 682 F.3d 679, 681 (7th Cir. 2012) (citations and internal quotation marks omitted). In light of these limitations, the court will order the Warden to respond before taking further action on Mr. Crowley's request for preliminary injunctive relief.

For these reasons, the court:

(1) DIRECTS the clerk to add the Allen County Jail Warden as a defendant;

(2) GRANTS the plaintiff leave to proceed against the Allen County Jail Warden in his official capacity to obtain constitutionally adequate medical care for colon and prostate cancer;

(3) GRANTS the plaintiff leave to proceed against Dr. Galperin (first name unknown) for monetary damages for providing objectively unreasonable treatment for his cancer in violation of the Fourteenth Amendment from January 2023 to the present;

(4) DISMISSES all other claims;

(5) DISMISSES Quality Care, Glaudiaus, Troy Hershberger, and Allen County Jail as defendants;

7

(6) DIRECTS the clerk to separately docket the complaint (ECF 1) as a motion for a preliminary injunction;

(7) DIRECTS the clerk to request a Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) the Allen County Jail Warden by fax or email at the Allen County Jail along with a copy of this order and the complaint pursuant to 28 U.S.C. § 1915(d);

(8) DIRECTS the clerk to request a Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Dr. Galperin (first name unknown) at Quality Care and to send him a copy of this order and the complaint pursuant to 28 U.S.C. § 1915(d);

(9) ORDERS the Allen County Sheriff's Office and Quality Care to provide the United States Marshal Service with the full name, date of birth, and last known home address of any defendant who does not waive service, to the extent this information is available;

(10) ORDERS the Allen County Jail Warden to file and serve a response to the plaintiff's motion for a preliminary injunction no later than **March 30, 2023**, with supporting documentation and declarations from staff as necessary, addressing the plaintiff's current medical condition; and

(11) ORDERS the Warden and Dr. Galperin to respond, as provided in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

8

SO ORDERED on February 14, 2023.

                                               s/Holly A. Brady
                                               JUDGE HOLLY A. BRADY
                                               UNITED STATES DISTRICT COURT