UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| JAMARCUS ANTWONE CROWLEY, | |
| Plaintiff, | |
| v. | CAUSE NO. 1:23-CV-59-HAB-SLC |
| GALPERIN, et al., | |
| Defendants. | |

## OPINION AND ORDER

Jamarcus Antwone Crowley, a prisoner without a lawyer, filed an amended complaint. (ECF 14.) Under 28 U.S.C. § 1915A, the court must screen this pleading and dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Mr. Crowley is proceeding without counsel, and therefore the court must give his allegations liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Mr. Crowley is a pretrial detainee at the Allen County Jail. He alleged in his original complaint that prior to his incarceration, he was diagnosed with colon and prostate cancer and was receiving chemotherapy, radiation, and other treatment. (ECF 4

at 1-2.) He claimed the jail doctor, Dr. Mikhail Galperin, has not given him any treatment for cancer since his arrival at the jail in January 2023. (*Id.*) The court granted him leave to proceed on a Fourteenth Amendment claim for damages against Dr. Galperin in his personal capacity, and a claim against the Commander of the Allen County Jail, David Butler,[1] in his official capacity to obtain injunctive relief in the form of necessary medical care. (*Id.* at 7.) Both Defendants waived service and have appeared through counsel. (ECF 7, 9.)

In the amended complaint, Mr. Crowley again alleges that Dr. Galperin is not providing him adequate treatment for cancer and that he is currently experiencing pain and rectal bleeding.[2] He seeks to add a claim against Quality Care, the private company that provides medical care at the jail and Dr. Galperin's employer; a claim against Allen County Sheriff Troy Hershberger for not sending him to the hospital for outside medical treatment; and a claim for damages against the Commander for improper medical treatment. Additionally, he asserts new allegations about the food he is receiving at the jail. He claims that since his original complaint was filed, some member of the jail staff "removed" him from a special diet he was receiving. He claims to need a

---

[1] Mr. Crowley identifies the top official at the jail as the "Warden," but Mr. Butler's answer to the original complaint makes clear that his title is "Commander." (ECF 21 at 1.) The court refers to him accordingly in this opinion.

[2] In a recent order, the court denied Mr. Crowley's motion for a preliminary injunction based on medical records showing that he has been diagnosed with polyps, hemorrhoids, and an issue with his prostate---not cancer----and that he was receiving constitutionally adequate treatment at the jail for these conditions. (ECF 23.) In screening the amended complaint, the court must accept Mr. Crowley's factual allegations as true and draw all reasonable inferences in his favor. *Hughes v. Northwestern Univ.*, 63 F.4th 615, 628 (7th Cir. 2023.) He is cautioned that if it turns out he made knowingly false factual allegations in his amended complaint, he may be subject to sanctions under Federal Rule of Civil Procedure 11.

2

special diet because he is allergic to beans, dairy, and mustard. He claims he has been repeatedly served these foods and as a result he must often choose between not eating or eating the foods and experiencing stomach pain. He further alleges that eating foods to which he is allergic is exacerbating his other medical issues.

Because Mr. Crowley is a pretrial detainee, his rights arise under the Fourteenth Amendment. *Miranda v. Cty. of Lake*, 900 F.3d 335, 352 (7th Cir. 2018). "[T]he Fourteenth Amendment's Due Process Clause prohibits holding pretrial detainees in conditions that 'amount to punishment.'" *Mulvania v. Sheriff of Rock Island Cty.*, 850 F.3d 849, 856 (7th Cir. 2017) (citation omitted). (citation omitted). Among other things, detainees are held in conditions that amount to punishment when they are not provided with "reasonably adequate" food to meet their nutritional needs. *Hardeman v. Curran*, 933 F.3d 816, 820 (7th Cir. 2019).

Detainees also cannot be denied necessary medical care. *Miranda*, 900 F.3d at 353-54. To establish a Fourteenth Amendment violation, a detainee must allege: "(1) there was an objectively serious medical need; (2) the defendant committed a volitional act concerning the [plaintiff's] medical need; (3) that act was objectively unreasonable under the circumstances in terms of responding to the [plaintiff's] medical need; and (4) the defendant act[ed] purposefully, knowingly, or perhaps even recklessly with respect to the risk of harm." *Gonzalez v. McHenry Cnty., Illinois*, 40 F.4th 824, 828 (7th Cir. 2022) (citation and internal quotation marks omitted). In determining whether a challenged action is reasonable, the court must consider the "totality of facts and circumstances."

3

*Mays v. Dart*, 974 F.3d 810, 819 (7th Cir. 2020). It is not enough for the plaintiff to allege negligence or even "gross negligence." *Miranda*, 900 F.3d at 353-54.

Giving Mr. Crowley the inferences to which he is entitled at this stage, he has again asserted a plausible Fourteenth Amendment claim against Dr. Galperin when alleging that the doctor has failed to adequately treat his cancer. He also asserts a plausible claim against the Commander in his official capacity for injunctive relief to obtain necessary medical care. Likewise, he plausibly asserts that he is not receiving a diet that meets his nutritional needs, because he is allegedly served foods to which he is allergic, meaning that he must go without food or eat the food and experience stomach pains. He does not name any individual in connection with this claim from whom he might obtain an award of damages, but the Commander is a proper defendant to ensure that Mr. Crowley receives an adequate diet as required by the Fourteenth Amendment. *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2022). He will be permitted to proceed further on these claims.

To the extent he is trying to assert a claim for damages against the Commander or the Sheriff in connection with these issues, he has not done so. Liability under 42 U.S.C. § 1983 is based on personal responsibility, and these high-ranking officials cannot be held liable for damages simply because they oversee operations at the jail or supervise other jail staff. *Mitchell v. Kallas*, 895 F.3d 492, 498 (7th Cir. 2018); *Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009). There is no indication from the amended complaint that either of these individuals had any personal involvement in the events underlying the complaint. Additionally, as non-medical staff, they are entitled to defer

4

to medical professionals about Mr. Crowley's need for treatment. *See Miranda*, 900 F.3d at 343; *Burks*, 555 F.3d at 595. It is evident from his allegations that he was under the care of Dr. Galperin and other medical staff at the jail during this period; although he disagrees with Dr. Galperin's medical decisions, wrongdoing by the doctor cannot be attributed to these high-ranking officials. He has not stated a plausible claim for damages against the Commander or Sheriff.[3] Likewise, he names the Allen County Jail as a defendant, but this is a building, not a "person" or policy-making body that can be sued for constitutional violations under 42 U.S.C. § 1983. *Smith v. Knox County Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012). The jail will be dismissed.

He also sues Quality Care, the private company that provides medical care at the jail. There is no general *respondeat superior* liability under 42 U.S.C. § 1983, and this company cannot be held liable for a constitutional violation solely because it employs Dr. Galperin or other medical staff at the jail. *J.K.J. v. Polk Cty.*, 960 F.3d 367, 377 (7th Cir. 2020). A private company performing a public function can be sued for constitutional violations under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978), but it "cannot be held liable for the unconstitutional acts of their employees unless those acts were carried out pursuant to an official custom or policy." *Grieveson v. Anderson*, 538 F.3d 763, 771 (7th Cir. 2008) (citations omitted). The purpose of this requirement is to "distinguish between the isolated wrongdoing of one or a few rogue employees and

---

[3] He also sues the former Sheriff of Allen County, David Gladieux (which he misspells "Glaudiaus"), who was replaced on January 1, 2023 by Sheriff Hershberger. *See* https://www.allencountysheriff.org. There is nothing in the amended complaint to indicate that Mr. Gladieux was involved in any way in these events, which began on January 3, 2023, and so he will be dismissed as a defendant.

other, more widespread practices." *Howell v. Wexford Health Sources, Inc.*, 987 F.3d 647, 654 (7th Cir. 2021). Thus, to allege a viable *Monell* claim, the plaintiff must describe an official policy or widespread custom that caused him injury. *Grieveson*, 538 F.3d at 771. A plaintiff pursuing a custom theory "must allege facts that permit the reasonable inference that the practice is so widespread so as to constitute a governmental custom." *Gill v. City of Milwaukee*, 850 F.3d 335, 344 (7th Cir. 2017).

Mr. Crowley does not allege that Quality Care has an official policy that caused him injury. Nor does he allege facts permitting a reasonable inference that Quality Care has a widespread practice of providing inadequate medical care or an inadequate diet to detainees. He does not describe any incidents of alleged mistreatment besides his own, and isolated incidents of wrongdoing by a few employees cannot support a *Monell* claim. *Howell*, 987 F.3d at 654. This corporate defendant will be dismissed.

For these reasons, the court:

(1) GRANTS the plaintiff leave to proceed against the Allen County Jail Commander in his official capacity under the Fourteenth Amendment to obtain needed medical care for cancer and a medically appropriate diet that avoids foods to which he is allergic;

(2) GRANTS the plaintiff leave to proceed against Dr. Mikhail Galperin for monetary damages for providing him objectively unreasonable treatment for colon and prostate cancer in violation of the Fourteenth Amendment from January 2023 to the present;

(3) DISMISSES all other claims;

(4) DISMISSES Sheriff Troy Hershberger, Quality Care, Sheriff Glaudiaus, and Allen County Jail as defendants; and

(5) ORDERS the Commander and Dr. Galperin to respond, as provided in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on April 20, 2023.

s/Holly A. Brady
JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT